FILED
U.S. District Court
District of Kansas
09/28/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROBERT E. CEASAR,**

**Plaintiff,**

**v.** **CASE NO. 26-3255-JWL**

**BLAKE MCELWAIN,**
**et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On August 19, 2026, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") ordering Plaintiff to show good cause why this matter should not be dismissed or stayed based on *Younger* abstention. In the MOSC, the Court also denied Plaintiff's motion seeking the appointment of counsel. This matter is before the Court on Plaintiff's response to the MOSC (Doc. 10), and Motion to Reconsider the Request for Appointment of Counsel (Doc. 11).

The Court found in the MOSC that Plaintiff's claims relate to his state court criminal proceedings. As Count I, Plaintiff claims racial profiling. (Doc. 1, at 10.) As Count II, he alleges a civil rights violation under 42 U.S.C. §§ 1983 and 1985. *Id.* As Count III, he alleges illegal search and seizure and false arrest in violation of the Fourth Amendment. *Id.* at 11.

The Court ordered Plaintiff to show good cause why the Court is not required to abstain under *Younger*. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing;

(2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)). The Court found in the MOSC that an online Kansas District Court Records Search shows that Plaintiff's state court criminal case is ongoing and pending on appeal. *See State v. Ceasar*, Case No. 2021-CR-001008 (District Court of Sedgwick County, Kansas).

Plaintiff filed a response to the MOSC. (Doc. 10.) In his response, Plaintiff states that the Court has not addressed his factual contentions listed in his Complaint. *Id*. at 1. Plaintiff then sets forth a list of his allegations. *Id*. Plaintiff then claims that the Defendants are not entitled to immunity and his factual allegations are "uncontested." *Id*. at 1–2. Plaintiff's response does not address *Younger* abstention.

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC. The MOSC provides that "Plaintiff should also indicate if he is seeking a stay of this case pending resolution of his state court criminal proceedings . . . [and] [f]ailure to respond by the deadline may result in dismissal of this matter without further notice." (Doc. 9, at 10.) Plaintiff's response does not address *Younger* abstention and does not seek a stay. Therefore, the Court dismisses this case without prejudice based on *Younger* abstention.

Plaintiff also asks the Court to reconsider his request for the appointment of counsel.

(Doc. 11.) In the MOSC, the Court denied Plaintiff's motion for appointment of counsel. (Doc. 9, at 8–9.) The Court is now dismissing this matter. Therefore, any additional request to reconsider the appointment of counsel is denied for the reasons set forth in the MOSC and as moot.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** based on *Younger* abstention.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider the Request for Appointment of Counsel (Doc. 11) is **denied.**

**IT IS SO ORDERED**.

**Dated September 28, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**